IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHASE ZACHERY TAYLOR ESTES,<br><br>　　　　　　　　Defendant. | CR-20-12-H-BMM<br><br>**O**RDER |

## INTRODUCTION

Defendant Chase Zachery Taylor Estes ("Estes") faces a four-count federal Indictment for offenses related to Estes's procurement of two firearms from a licensed firearm dealer while under an information in state court. (Doc. 1). Counts I and II of the Indictment allege that Estes knowingly made a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). *Id.* Estes now moves to dismiss Counts I and II of the Indictment under Rules 12 and 47 of the Federal Rules of Criminal Procedure, arguing that the Indictment fails to state an offense under Rule 7(c). (Doc. 17 at 2). The Government opposes the motion. (Doc. 19).

## FACTUAL BACKGROUND

Estes visited Bob Ward & Sons on two different occasions in March 2020, seeking to purchase two different firearms, a Springfield rifle and a Ruger pistol. (Doc. 18 at 2). Estes completed the requisite forms to purchase the firearms, including ATF Form 4473. Question 11.b on ATF Form 4473 asks whether the putative purchaser of a firearm stands charged "under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year." *Id.* at 3. Estes answered this question in the negative, despite a pending information against Estes in state court. *Id.* at 2. This state court information, from the Montana First Judicial District Court, Lewis and Clark County, Cause No. DC-2016-458, has remained pending against Estes for four years. *Id.* This delay gives rise to potential speedy trial issues that lie outside the scope of the present motion, but nevertheless cause concern. *Id.* Estes obtained firearms on both occasions in March 2020. He later received word from federal authorities, however, that he must return the firearms because the federal authorities had denied Estes's application.

A federal grand jury indicted Estes on October 8, 2020, with offenses related to Estes's false statements on ATF Form 4473 and his procurement of the firearms while under state information. (Doc. 1). Estes moves the Court to dismiss Counts I and II of the Indictment, arguing that the Indictment fails to state an offense under

Fed. R. Crim. P. 7(c)(1). (Doc. 18). Estes contends that the Indictment "omits facts that Mr. Estes's alleged false and fictitious oral and written statements were not the reasons why the firearms transfers were denied." *Id.* at 3. Put simply, Estes argues that his false statements on ATF Form 4473 were not "material" to the transactions, because the firearms dealer did not rely on the statements when deciding whether to sell the firearms to Estes. Estes asserts that the Government's omission of these material facts in the Indictment means that the Indictment fails to state an offense. The Government counters that the Indictment against Estes serves its function and fulfills the requirements of Fed. R. Crim. P. 7(c)(1), by tracking the language of 18 U.S.C. § 922(a)(6) and including all of the elements of the offense. *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003).

## LEGAL STANDARDS

The Constitution affords those accused of a crime the right "to be informed of the nature and cause of the accusation" against them. U.S. Const. amend. VI. The Federal Rules of Criminal Procedure safeguard this right by requiring a criminal indictment to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment proves sufficient where it "tracks the words of the statute charging the offense, . . . so long as the words unambiguously set forth all elements necessary to

constitute the offense." *Davis*, 336 F.3d at 922 (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)).

A district court remains bound by the four corners of the indictment when ruling on a pre-trial motion to dismiss. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment when analyzing whether the indictment charges a cognizable offense. *Id.* "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . The Court should not consider evidence not appearing on the face of the indictment." *Id.* (quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

## DISCUSSION

The sufficiency of the Indictment against Estes turns on whether the Indictment "unambiguously set forth all the elements" of the offense of making a false statement during a firearms transaction under 18 U.S.C. § 922(a)(6). The following elements make up the charged offense: (1) the seller was a licensed firearms dealer; (2) the defendant made a false statement in connection with acquiring the firearm from the seller; (3) the defendant knew the statement was false; and (4) the false statement was material. 18 U.S.C. § 922(a)(6); *see also 9th Cir. Pattern Jury Instr.* 8.58 (2010). A false statement proves "material" where it

has a natural tendency to influence, or the capability of influencing, the seller into believing that it could lawfully sell the firearm to the defendant. 18 U.S.C. § 922(a)(6); *see also 9th Cir. Pattern Jury Instr.* 8.58 (2010). The Court determines that the Indictment against Estes sufficiently states a claim to satisfy the requirements of Fed. R. Crim. P. 7(c)(1). For the following reasons, the Court declines to dismiss Counts I and II of the Indictment.

Estes essentially asks this Court to make a factual determination as to whether Bob Ward & Sons relied on Estes's false answer to Question 11.b. (Doc. 18 at 5–6). This District previously addressed a similar question in *United States v. Meech*, Order Denying Motion to Dismiss, at 7–8 (D. Mont. Sept. 14, 2020) (No. CR–20–13–BU–DLC) (hereinafter, *Meech*). *Meech* concluded that the Ninth Circuit had "decidedly put this [factual] determination out of district court judges' hands" by issuance of *United States v. Moore*, 109 F.3d 1456 (9th Cir. 1997).

The Court must reserve for the jury the question of whether Estes's answering of Question 11.b in the negative was material to Bob Ward & Sons' sale of the firearms. *See Meech*, at 7–8; *Moore*, 109 F.3d 1464. In ruling on Estes's Motion to Dismiss the Indictment (Doc. 17) under Fed. R. Crim. P. 12, the Court remains bound by the four corners of the Indictment and must accept the truth of the Indictment's allegations. *Boren*, 278 F.3d at 914.

5

The Indictment against Estes properly states an offense by tracking the language of the statute and unambiguously setting forth all elements necessary to constitute an offense under 18 U.S.C. § 922(a)(6). *Davis*, 336 F.3d at 922. Counts I and II of the Indictment against Estes read identically except for the dates and types of firearms that Estes sought on two separate occasions in March 2020. Counts I and II track the language of 18 U.S.C. § 922(a)(6), by providing the following: (1) that Bob Ward & Sons operates as a licensed firearms dealer; (2) that Estes gave to Bob Ward & Sons a "false and fictitious oral and written statement" in connection with Estes's acquisition of a firearm by falsely indicating on ATF Form 4473 Question 11.b that he was "not under indictment or information in any court for a felony, or any crime, for which the judge could imprison him for more than one year"; (3) that Estes knowingly made the false statement; and (4) that the false statement was a "fact material to the lawfulness of his acquisition of the [firearm]." (Doc. 1 at 1–2).

The Court declines Estes's invitation to invade the jury's province and conduct a summary trial without an evidentiary record. A jury must decide the materiality of Estes's response to Question 11.b. Given that an "indictment either states an offense or it doesn't," *Boren*, 278 F.3d at 914, the Court determines that Counts I and II of the Indictment sufficiently states an offense under 18 U.S.C. § 922(a)(6).

**ORDER**

Accordingly, **IT IS ORDERED** that Estes's Motion to Dismiss the Indictment (Doc. 17) is **DENIED**.

Dated this 19th day of January, 2021.

_____
Brian Morris, Chief District Judge
United States District Court